IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  12-cv-01327-BNB

SOLOMON J. VIGIL,

        Plaintiff,

v.

JOHN DOE, JOHN DOE (Individual and Official Capacity), Acting Sheriff of Pueblo
County Jail,

        Defendant.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

        Plaintiff, Solomon J. Vigil, is in the custody of the Colorado Department of

Corrections and is incarcerated at the Colorado Territorial Correctional Facility.  He

initiated this action on May 21, 2012, by filing *pro se* a Prisoner Complaint (ECF No. 1).

Mr. Vigil has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915.  He has demonstrated an inability to pay the initial partial filing fee.  However,

Mr. Vigil must on a monthly basis pay a partial filing fee or  show cause why he is

unable to pay.  *See* June 4, 2012 Order Granting Leave to Proceed Pursuant to 28

U.S.C. § 1915 (ECF No. 6).

        The Court must construe the Complaint liberally because Mr. Vigil is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an

advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Vigil will be ordered to file an amended complaint.

Mr. Vigil alleges in the Complaint that in June 2008, he fell and hit his head on the floor of the Pueblo County jail.  Plaintiff was transported to a hospital where a physician recommended that he remain overnight.  However, an unidentified "sheriff" took him back to the jail.  Plaintiff alleges that he never saw another medical provider again during his seven-month stay at the jail.  He asserts that he continues to experience daily head pain from the fall, for which he is required to take medications. He alleges that Defendant John Doe acting Sheriff of Pueblo County was aware of the incident but did not provide Plaintiff with proper medical care.  Plaintiff seeks injunctive and monetary relief.   The Court construes these allegations liberally as asserting a claim against the Defendants under § 1983 for deprivation of his Eighth Amendment right to adequate medical care.

Mr. Vigil sues Defendant John Doe, acting Sheriff of Pueblo County, in his official and individual capacities.  The official capacity claims are construed as claims against Pueblo County.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

A local government entity such as Pueblo County is not liable under 42 U.S.C. § 1983 solely because its employees inflict injury on a plaintiff.  *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993).  A plaintiff seeking to hold a municipality or county liable for his injuries under 42 U.S.C. § 1983 must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs,* 151 F.3d 1313, 1316-20 (10th Cir. 1998).

2

Plaintiff cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

To the extent Mr. Vigil seeks to hold Defendant John Doe, acting Sheriff, liable under § 1983 in his individual capacity, he must allege facts to show the defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Moreover, a supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010). Accordingly, there must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Richardson*, 614 F.3d at 1200-1201 ("[D]efendant-supervisors may be liable under § 1983 [or *Bivens*] where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). Supervisors cannot be held liable merely because of their supervisory positions. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Therefore, Mr. Vigil will be ordered to file an amended complaint that complies with this Order if he wishes to pursue his claims in this action.  Accordingly, it is

ORDERED that Plaintiff, Solomon J. Vigil, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Mr. Vigil shall obtain the Court-approved  Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Vigil fails to file an amended complaint **within thirty (30) days from the date of this order**, the Complaint and the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED July 10, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge